IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONE STAR FUND IV (U.S.), L.P., LONE STAR FUND IV (BERMUDA), L.P. and LSF-KEB HOLDINGS SCA, | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | CIVIL ACTION NO. |
| v. | §<br>§ | 3:09-CV-01614-B |
| STEVEN H. LEE | §<br>§ | |
| Defendant. | §<br>§<br>§<br>§<br>§ | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO DECLARATION OF STEVEN H. LEE

This Court should deny plaintiffs' request to strike paragraph 23 of Mr. Lee's

Declaration in Support of Motion to Dismiss Original Complaint and the Bermuda

affidavits referenced therein.

Contrary to plaintiffs' contentions, neither paragraph 23 of Mr. Lee's declaration,

nor Mr. Lee's Bermuda affidavits, which are incorporated by reference and specifically

reaffirmed in Mr. Lee's declaration, contain impermissible legal conclusions.  Mr. Lee

simply reiterates the true state of facts: Lone Star has unilaterally, without authorization

from Mr. Lee or any court, and in a self-serving manner withheld distributions owed

Mr. Lee as a limited partner of Lone Star Partners IV, while at the same time Lone Star

has improperly applied millions of dollars of these distributions to repay Ellis Short as

senior partner of Lone Star for a personal loan that he made to Mr. Lee.  Lone Star's

application of those funds was directly contrary to the terms of the personal loan, as Lone Star's General Counsel Mike Thomson now admits in Lone Star's Bermuda litigation. (Ex. 1, ¶¶ 17, 18, App. 10).  There is no question that Mr. Lee's partnership interests and Lone Star's withholding and misappropriation of a distribution due to Mr. Lee are in dispute in the Bermuda litigation.  Indeed, plaintiffs admit this in their Reply in Support of Plaintiffs' Motion to Remand and for Fees and Costs.  *See* (Mot. at 9).  They also admit that Lone Star, despite having already confiscated Mr. Lee's distributions, now seeks an order from the Bermuda court retroactively authorizing that conduct.  *Id*.  And indeed, specific facts and matters asserted in Mr. Lee's declaration have been admitted by Lone Star's General Counsel Mike Thomson in his most recent Bermuda affidavit.  Specifically, Mr. Thompson admits that:

- Lone Star is withholding Mr. Lee's partnership distributions.  (Ex. 1, ¶ 13 App. 8).

- Lone Star improperly used Mr. Lee's partnership distributions to pay a personal Lone that Mr. Lee owed Lone Star senior partner Ellis Short. (Ex. 1, ¶¶ 17, 18, App. 10).

Thus, while Mr. Lee's factual statements make the unlawfulness of Lone Star's conduct self-evident, the statements are not themselves legal conclusions.  Instead, they affirm concrete facts that both parties agree are true.

Paragraph 23 of Mr. Lee's declaration and the Bermuda affidavits referenced therein are also, contrary to plaintiffs' assertions, relevant.  Notably, plaintiffs have not

objected to those materials as they pertain to Mr. Lee's Motion to Dismiss Plaintiffs'

Original Complaint for Lack of Personal Jurisdiction, Forum Non Conveniens, and

Failure to Plead Fraud With Particularity and Brief in Support.  The materials are cited

throughout that motion and are highly relevant to Mr. Lee's *forum non conveniens*

argument as they demonstrate the duplicative, vindictive, and legally improper

underpinnings of this Texas lawsuit.  The materials also explain the scope of Lone Star's

Bermuda litigation, which is highly relevant to the real-party-in-interest argument made

by Mr. Lee in opposition to Lone Star's remand arguments.  Indeed, Mr. Lee's real-party-

in-interest argument is supported by the duplicative nature of Lone Star's Texas

litigation, when different Lone Star entities have already brought the same claims and

damages theories in the Bermuda litigation.  Mr. Lee's Bermuda affidavits explain, in

greater detail than the parties' Bermuda pleadings, exactly what is in dispute in the

Bermuda proceedings.

　　　　Accordingly, this Court should deny plaintiffs' request and fully consider

paragraph 23 of Mr. Lee's declaration and the Bermuda affidavits referenced therein in

conjunction with Mr. Lee's Opposition to Plaintiffs' Motion to Remand and for Fees and

Costs.

Date: November 4, 2009                              Respectfully submitted,


                                                   /s/ Jerome R. Doak
                                                   George T. Manning
                                                   Texas Bar No. 24062546
                                                   gtmanning@jonesday.com
                                                   Lead Attorney
                                                   Jerome R. Doak
                                                   Texas Bar No. 05913600
                                                   jrdoak@jonesday.com
                                                   JONES DAY
                                                   2727 North Harwood Street
                                                   Dallas, Texas  75201
                                                   (214) 220-3939 (Phone)
                                                   (214) 969-5100 (Fax)

                                                   COUNSEL FOR DEFENDANT
                                                   STEVEN H. LEE

## CERTIFICATE OF SERVICE

This is to certify that on this 4th day of November 2009, a true and correct copy of

the foregoing Opposition to Plaintiffs' Objections to Declaration of Steven H. Lee was

served electronically and by email, on the following:

        Karen H. Hirschman
        khirschman@velaw.com
        Matthew W. Moran
        mmoran@velaw.com
        Jane Ann R. Neiswender
        jneiswender@velaw.com
        VINSON & ELKINS L.L.P.
        2001 Ross Avenue
        Dallas, Texas 75201-2975


                                                   /s/ Jerome R. Doak

DLI-6277376v3

-4-