UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LONE STAR FUND IV (US) LP,       §
LONE STAR FUND IV (BERMUDA)      §
LP, and LSF-KEB HOLDINGS SCA,    §
                                 §
Plaintiffs,                      §
                                 §
v.                               §       CIVIL ACTION NO. 3:09-CV-1614-B
                                 §
STEVEN H. LEE,                   §
                                 §
Defendant.                       §

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Lone Star Fund IV (US), LP, Lone Star Fund IV (Bermuda),

LP, and LSF-KEB Holdings SCA's Motion to Remand and for Fees and Costs ("Motion to Remand")

(doc. 5), filed September 18, 2009. For the reasons discussed below, the Court **GRANTS** the

Motion to Remand (doc. 5) and **DENIES** the request for fees and costs (doc. 5).

## I.

## BACKGROUND

This case involves a limited partner's alleged misconduct against two limited partnerships and

one limited liability company.[1] Plaintiffs Lone Star Fund IV (US), LP, Lone Star Fund IV

(Bermuda), LP, and LSF-KEB Holdings SCA ("LSF-KEB") (collectively "Plaintiffs") filed suit against

Defendant Steven H. Lee ("Defendant") in Texas state court on August 26, 2009. Lone Star Fund

---

[1] The background facts are derived from Plaintiffs' Original Petition ("Complaint") (doc. 1-7) and on undisputed facts gleaned from the parties' court papers. Where there may be a dispute over a stated fact the Court has so indicated by claiming the fact as one stated by that party to be true.

IV (US), LP and Lone Star Fund IV (Bermuda) (collectively "Partnership Plaintiffs") are limited partnerships organized in the US and Bermuda, respectively. (Compl. ¶¶ 2, 3.) LSF-KEB is a limited liability company organized in Belgium. (Compl. ¶ 4.) Lone Star Funds is a global investment firm that maintains several funds, including Partnership Plaintiffs. Defendant oversaw Lone Star Funds' investments in Korea, including Plaintiffs' investment in Korea Exchange Bank. (Compl. ¶ 10.) Plaintiffs claim that Defendant breached his fiduciary duty owed to Plaintiffs and caused harm through various acts of fraudulent misrepresentation and omission. (Compl. ¶¶ 27-35.) Specifically, Plaintiffs allege that Defendant misappropriated $12 million from Lone Star Funds-related entities, authorized and directed fraudulent transactions, and prevented the sale of Korea Exchange Bank, an asset previously valued at $5.9 billion. (Compl. ¶¶ 12-26.)

On August 31, 2009, Defendant timely removed the action to this Court on the basis of complete diversity of citizenship. (Notice of Removal ¶ 5.) Plaintiffs subsequently filed the instant Motion to Remand, arguing that Defendant's Notice of Removal failed to adequately plead diversity of citizenship and that complete diversity did not exist due to Defendant's status as a limited partner of Lone Star Partners IV, LP, a Bermudan limited partnership that is a general partner of both Partnership Plaintiffs. (Mot. to Remand 3.)

On October 8, 2009, Defendant filed his Opposition to Plaintiffs' Motion to Remand and for Fees and Costs ("Opposition brief"), essentially abandoning his earlier argument for diversity of citizenship and focusing on a new ground for removal: that Partnership Plaintiffs are not real parties in interest and therefore should not be considered in the diversity calculation. (Opp'n 8-10.) In response, Plaintiffs insist that Partnership Plaintiffs are real parties in interest to this case. Plaintiffs further contend that the Court should not consider Defendant's real parties in interest argument

because it was raised beyond the thirty-day removal period.  (Reply 2.)  The Court now addresses the merits of its decision.

## II.

## LEGAL STANDARDS

A defendant may remove an action filed in state court to federal court if the case could have originally been filed in federal court.  28 U.S.C. § 1441(a).  Because federal subject matter jurisdiction is limited, federal courts may entertain only those cases involving a question of federal law or those where parties are of diverse citizenship.  *See* 28 U.S.C. §§ 1331-1332.  In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).  In an action which has been removed from state court, the removing party bears the burden of establishing federal jurisdiction.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Any ambiguities are construed against removal because the removal statute is strictly construed in favor of remand.  *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

## III.

## ANALYSIS

Defendant argues that removal is appropriate for two principal arguments.  First, in the Notice of Removal, Defendant claims that complete diversity of citizenship existed among the parties.  Later, in his Opposition brief, Defendant changes course and contends that diversity of citizenship exists, because the nondiverse Partnership Plaintiffs are not real parties in interest.  The Court addresses both arguments in turn.

A.      *Removal as argued by Defendant in the Notice of Removal*

In the Notice of Removal, Defendant premised removal on the straightforward existence of complete diversity of citizenship among the parties. Defendant alleged that: he is a citizen of New Jersey; "upon information and belief, none of the general or limited partners of [Plaintiff] Lone Star Fund IV(US), LP is a citizen of . . . New Jersey;" "upon information and belief, neither [Plaintiff] Lone Star Fund IV(Bermuda), LP, nor any of its partners is a citizen of New Jersey;" and "[Plaintiff LSF-KEB] is a private limited liability company organized and existing under and by the laws of Belgium. Upon information and belief, [Plaintiff LSF-KEB's] principal place of business is in Belgium." (Notice of Removal ¶¶ 6-9.) Plaintiffs argue that diversity does not exist, because Defendant's citizenship is imputed to Partnership Plaintiffs (Mot. Remand 3.) The Court agrees.

To determine the citizenship of a partnership, courts consider the citizenship of all partners–both limited and general. *Carden*, 494 U.S. at 195. Although the *Carden* Supreme Court only addressed single-tiered partnerships, lower courts have consistently applied *Carden*'s holding to multi-tiered partnerships. For example, in *Harvey v. Grey Wolf Drilling Co.*, the Fifth Circuit analyzed how to treat a multi-tiered partnership for purposes of diversity citizenship. 542 F.3d 1077, 1079 (5th Cir. 2008). In making the diversity determination, the court considered the citizenship of the limited partnership's two partners–a corporation and a limited liability company–as well as the citizenship of all the limited liability company's members. *Id.; Meyerson v. Harrah's East Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002) ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be").

Because Partnership Plaintiffs are both limited partnerships, the Court considers the citizenship of each partnership's partners in determining whether diversity exists. The Notice of

Removal did not properly plead the names of all partners and their respective citizenship, which Defendant attributes to Plaintiffs having exclusive control over certain essential information. (Opp'n 16.)  Regardless if this is true or not, the Court has sufficient uncontroverted evidence to determine the citizenship question.  Both Plaintiffs and Defendant have alleged that Defendant is a limited partner of Lone Star Partners IV, LP[2], a Bermudan limited partnership that serves as a general partner of both Partnership Plaintiffs.  (Decl. of Steven H. Lee ¶¶ 13, 14, 16; Decl. of Rhonda Daniels ¶ 4.)

The structure of both Partnership Plaintiffs can be better understood as composed of three tiers: each Partnership Plaintiff is on tier one; Lone Star Partners IV, LP as a general partner of Partnership Plaintiffs is below on tier two; and Defendant as a limited partner of Lone Star Partners IV, LP is further below on tier three.  In determining the citizenship of Partnership Plaintiffs, the citizenship of each entity on every tier is considered.  *Carden*, 494 U.S. at 187; *Harvey,* 542 F.3d at 1079.  Thus, Defendant's citizenship of New Jersey is imputed to Lone Star Partners IV, LP on tier two and also Partnership Plaintiffs on tier one, resulting in Defendant and Plaintiffs sharing the same New Jersey citizenship.  Accordingly, diversity is destroyed and removal to federal court is inappropriate as argued in the Notice of Removal.

B.     *Removal as argued by Defendant after the Notice of Removal*

The Court turns to Defendant's real party in interest removal argument that was raised in his Opposition brief for the first time.  Before the Court can consider the argument's merits, it must first decide whether Defendant waived the argument by raising it beyond the thirty-day removal

---

[2]In fact, Defendant attached his current limited partnership agreement with Lone Star Partners IV, LP to his personal declaration as an exhibit.  (Decl. of Steven H. Lee ¶ 16.)

period.  Plaintiffs urge that the argument is untimely and should be ignored.

*Whitmire v. Victus Ltd.* is instructive on this point of law.  212 F.3d 885, 887 (5th Cir. 2000) In *Whitmire*, plaintiff brought federal and state claims against defendant in federal district court. *Id.*  In the complaint, plaintiff alleged that the court had federal question jurisdiction over the federal statutory claims and supplemental jurisdiction over the state claims.  *Id.*  After the court dismissed the federal claims with prejudice and the state claims without prejudice, plaintiff moved for leave to amend the complaint by alleging–for the first time–diversity of citizenship as a basis for federal jurisdiction.  *Id.*  The district court denied the motion and plaintiff appealed.  *Id.*  In overturning the district court, the Fifth Court emphasized section 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; *Id.*  Section 1653, the court explained, is "broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds."  *Id.* (quoting *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981) (citations omitted)).  Therefore, amendments to pleadings are proper when they do "nothing more than state an alternative jurisdictional basis for recovery upon facts previously alleged."  *Id.* at 888 (quoting *Miller*, 636 F.2d at 990).  The court concluded that plaintiff's failure to allege diversity jurisdiction in the complaint was merely a technical defect since diversity jurisdiction existed on the previously alleged facts in the complaint.  As a result, the district court erred by not allowing amendment of the complaint.  *Id.* at 890.

The Court notes one factual difference between *Whitmire* and the instant case: *Whitmire* involved amending a complaint and the instant case involves amending a notice of removal.  The Court is unmoved by this discrepancy since the Fifth Circuit has proceeded to apply *Whitmire*'s key analysis of section 1653 and liberal stance on amending defective jurisdictional allegations to

notices of removal. *Menendez v. Wal-Mart Stores, Inc.*, No. 09-40993, 2010 WL 445470, at *2 (5th Cir. Feb. 1, 2010); *UICI v. Gray*, No. 03:01CV0921, 2002 WL 356753, at*2 (N.D. Tex. Mar. 1, 2002).

Here, Defendant originally based removal exclusively on the existence of complete diversity of citizenship. (Notice of Removal ¶ 5.) After Plaintiffs pointed out this was not possible due to Defendant's limited partner status of Lone Star Partners IV, LP and the resulting shared New Jersey citizenship of Defendant and Partnership Plaintiffs, Defendant raised the real parties in interest argument in his Opposition brief. In view of the generous stance taken by section 1653 and the Fifth Circuit, the Court is persuaded to consider the argument as long as it does "nothing more than allege an alternative jurisdictional basis for recovery upon facts previously alleged."[3] *Whitmire*, 212 F.3d at 888. Because only real parties in interest are considered for citizenship purposes, the Court finds that such an alternative jurisdictional basis would exist if Partnership Plaintiffs are, in fact, not real parties in interest. *Navarro Savings Ass'n v. Lee*, 445 U.S. 458, 461 (1980). Thus, the Court will consider the real parties in interest removal argument on its merits.[4]

---

[3]Plaintiffs cited several cases in opposition to the Court considering Defendant's tardy argument. (Reply 4-5; Pls.' Final Br. 1-2.) Ultimately, the Court was unpersuaded since the cases were either non-controlling or distinguishable.

[4]In his Opposition brief, Defendant also raised a second minor ground for removal that diversity of citizenship may still exist, because Lone Star Partners IV, LP–as a Bermudan entity–may have made a special partnership election that may affect how it is treated for citizenship purposes. (Opp'n 12-14.) Defendant argued that despite his best efforts, it was unknown whether the partnership election was made and additional discovery is required. (Opp'n 14.) In their Reply, Plaintiffs, with the use of an affidavit, appeared to conclusively refute the argument by arguing that such an election was not made and is easily determinable since an election certificate is available as a public record when it has been made. (Reply 6.) In his Sur-Reply, Defendant made no response to Plaintiffs' refutation. Instead, Defendant devotes his entire Sur-Reply to the real parties in interest claim, which Defendant characterized as "the only issue relevant to [the Court's] jurisdictional inquiry." (Sur-Reply 1.) The Court agrees. Even without accepting the affidavit as true, in light of Defendant's clear burden to prove removal and his failure in his Sur-Reply to even mention the partnership election argument after Plaintiffs appeared to conclusively refute it, the

To determine if Partnership Plaintiffs are real parties in interest, the Court looks to the improper joinder standard.[5] *Miller v. Giesecke & Devrient America, Inc.*, Nos. 3:06-CV-1466, 3:06-CV-2386, 2007 WL 518557, at *1-2 (N.D. Tex. Feb. 20, 2007) (applying improper joinder doctrine when analyzing defendant's diversity of citizenship argument that nondiverse plaintiff is not a real party in interest) (citations omitted).  The improper joinder doctrine requires that the removing party carry its "heavy burden" by showing either (1) that there was "actual fraud in the pleading of jurisdictional facts" or (2) that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against . . . defendant."[6] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573, 576 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

The "reasonable basis" test provides two methods of proof.  First, the court may conduct a Rule 12(b)(6)-type analysis to determine whether the allegations in the plaintiff's complaint state a claim under state law against the defendant.  *Smallwood*, 385 F.3d at 573.  In most cases, if a plaintiff can survive such a challenge, there was no improper joinder.  *Id.*  Nevertheless, the Fifth Circuit has acknowledged that in some cases "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."  *Id.*  In such cases, a court utilizes a second method of proof in which it may exercise its discretion to "pierce the pleadings" and consider summary judgment-type evidence.  *Id.*; *McKee*, 358 F.3d at 334.  A summary inquiry

---

Court is not persuaded to consider this argument further.

[5]The Fifth Circuit has adopted the term "improper joinder" in lieu of the familiar term "fraudulent joinder."  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).  No substantive difference exists between the two terms.  *Id.*

[6]Although courts more commonly deal with improper joinder in the context of a nondiverse defendant as the allegedly improperly joined party, cases apply equally regardless of whether a nondiverse defendant or plaintiff is involved.  *Miller*, 2007 WL 518557, at *2 n.4.

is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the . . . defendant." *Smallwood*, 385 F.3d at 573-74. Even where summary judgment-type evidence is reviewed, unchallenged factual assertions must be considered in a light favorable to the plaintiff and contested issues of fact and ambiguities in controlling state law must also be resolved in the plaintiff's favor. *McKee*, 358 F.3d at 334.

Because there have been no allegations of fraud in the pleadings, the Court uses the "reasonable basis" test to determine improper joinder. The "reasonable basis" test first applies a 12(b)(6)-type analysis to determine if the Complaint states a claim between Defendant and Partnership Plaintiffs, the disputed parties. Plaintiffs have brought four causes of action: breach of fiduciary duty, fraudulent misrepresentation, fraudulent omission, and constructive trust/unjust enrichment. If the Complaint states a claim for just one of the causes of action for Partnership Plaintiffs, then Partnership Plaintiffs were not improperly joined and are real parties in interest.

To plead a breach of fiduciary duty claim in Texas, the complaint must show facts to support: (1) a fiduciary relationship between plaintiff and defendant, (2) a breach by defendant of his fiduciary duty owed to plaintiff, and (3) injury to plaintiff. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.App.–Dallas 2006, pet. denied) (citing *Punts v. Wilson*, 137 S.W.3d 889, 891 (Tex.App.–Texarkana 2004, no pet.)).

Under a 12(b)(6) analysis, the Complaint sufficiently states a claim for breach of fiduciary duty between Partnership Plaintiffs and Defendant. Defendant contends that no fiduciary relationship existed between Partnership Plaintiffs and him, because he was never employed by them and was never a general or limited partner of them. (Opp'n 7, 11.) The Court need not determine whether Defendant's contentions are true, because the Complaint alone provides an

independent and sufficient basis for a fiduciary relationship.  A fiduciary relationship exists when one party has a duty "to act for or give advice for the benefit of another upon matters within the scope of the relation."  *Texas Bank and Trust Co. v. Moore*, 595 S.W.2d 502, 507 (Tex. 1980) (citation omitted).  Here, the Complaint alleges that Defendant was Lone Star Funds' "most senior executive" in South Korea and "was responsible for coordinating all aspects of Plaintiffs' investments in South Korea, including their investment in Korea Exchange Bank." (Compl. ¶¶ 10, 11.)  There is a possibility that these factual allegations, if proven, could show that Defendant was a fiduciary of the Partnership Plaintiffs.

Further, the Complaint also states sufficient facts to support a finding that the Defendant breached the fiduciary duties owed to Partnership Plaintiffs and that Partnership Plaintiffs were injured as a result of that breach. Partnership Plaintiffs claim that fiduciary duties were breached through Defendant's various improper acts including misappropriating over $12 million and manipulating the reported returns of Lone Star Funds portfolios.  (Compl. ¶¶ 14-15.)  They argue that as a result of that breach, they were prevented from selling their 51% share of Korea Exchange Bank, then valued at $5.9 billion but now "worth billions of dollars less." (Compl. ¶ 26.) )  Because the Complaint sufficiently alleges all of the elements of a claim for breach of fiduciary duty,[7] a reasonable basis exists for the Court to predict that Partnership Plaintiffs may recover from Defendant.

Even assuming *arguendo* that a breach of fiduciary duty was not properly pleaded under

---

[7]Admittedly, the Complaint could benefit from greater precision.  The allegations at times rely on the inclusive "Plaintiffs," rather than specifically identifying which Plaintiff is involved.  However, such a shortcoming is insufficient to influence the Court's 12(b)(6) analysis.

12(b)(6), an analysis under the second method of proof reaches the same conclusion that a reasonable basis for Partnership Plaintiffs' claim exists.  After reviewing the materials submitted by both parties, the Court finds no "discrete and *undisputed* facts that would *preclude* [Partnership Plaintiffs'] recovery." *Smallwood*, 385 F.3d at 573-74 (emphasis added).  Without this, Defendant has failed to carry his heavy burden and Partnership Plaintiffs are real parties in interest, appropriately considered for purposes of determining citizenship.  Accordingly, diversity of citizenship does not exist and the Motion to Remand is **GRANTED**.

## IV.

## ATTORNEY'S FEES

Having concluded that Plaintiffs' Motion to Remand should be granted, the Court turns to Plaintiffs' request for costs and fees.  In determining whether to award attorney fees for improper removal, the court considers "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Valdes v. Wal-Mart Stores*, Inc., 199 F.3d 290, 291, 293 (5th Cir. 2000)).  The Court finds that Defendant's colorable arguments constitute an objectively reasonable basis for removal and **DENIES** the request for fees and costs.

## V.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED** and this case shall be and hereby is **REMANDED** to the 162th Judicial District Court of Dallas County, Texas.  Furthermore, Plaintiffs' request for fees and costs is **DENIED**.

SO ORDERED.

DATED May 5, 2010.


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE